Filed 10/6/22  C.T. v. K.W. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| C.T.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>K.W.,<br><br>        Defendant and Appellant. | A161991, A163289, A163367<br><br>(City & County of San Francisco<br>Super. Ct. No. FDV-19-814465) |

K.W. (mother) and C.T. (father) are involved in an ongoing custody dispute regarding their now four-year-old child. In the present appeal, mother challenges an order entered November 3, 2020, prohibiting her from taking photos of the child during her supervised visits and reiterating the previously imposed requirement that she effect personal service of every document she files in the trial court proceedings.[1] We find no error and affirm the order.

_____

[1] Mother filed three notices of appeal challenging multiple orders entered between November 3, 2020, and August 6, 2021, which were consolidated by this court. In her reply brief, she concedes that the only issues that remain for decision are "[w]hether the 'No Pictures' Injunction (Order entered without a noticed motion), and the Proof of Service requirement that contradicts allowable methods under Cal. Code Civ. Proc. (CCP) § 1010.6 ordered by Judge Monica F. Wiley at a hearing on 08/27/20 (FOAH [final order after hearing] entered on 11/3/20) is an abuse of

1

## Background

The record in this appeal is largely unworkable. Mother has filed appendices under various appellate case numbers and seeks judicial notice of records filed in yet other appellate cases. She has also filed numerous requests for judicial notice of volumes of documents. In the interest of judicial efficiency, we deny all requests for judicial notice on the grounds of relevance, with the exception that we take judicial notice of the appellant's appendix and respondent's appendix filed in appellate case No. A161993.

A full recitation of the lengthy custody and domestic violence proceedings between the parties is not necessary for resolution of the present appeal. The following summary is sufficient: "The parties' son was born in November 2018. . . . [I]n February 2019, father initiated the present action under the Domestic Violence Prevention Act, [Family Code] section 6200 et seq., in San Francisco, requesting protective orders as well as sole legal and physical custody of his son. In support of his request for a protective order, father submitted documents evidencing mother's repeated online cyberstalking and harassment of father, conduct which . . . led to the filing of criminal charges against mother in the San Francisco Superior Court. The petition also alleges that mother has a criminal history of domestic violence and at that time in Utah was facing electronic harassment charges involving a different victim. Much if not all of the threatening and harassing behavior alleged in the petition involves the child and the petition alleges that the child is at risk as a result of mother's 'compulsive, obsessive and abusive behaviors.' [¶] In March 2019, the San Francisco court issued an amended

---

discretion, lacks substantial evidence (as no evidence whatsoever was considered), and whether the 11/3/20 order is now void." Accordingly we shall dismiss appeal numbers A163289 and A163367 which are unrelated to the November 3 order.

2

temporary restraining order awarding father sole custody of the child and authorizing him to retrieve the child, with the assistance of local authorities. Shortly thereafter, father retrieved his son from his maternal grandparent's home in Utah. Since then the child has resided in California with his father. [¶] In January 2020, proceedings on the domestic violence restraining order were stayed pending resolution of felony stalking charges filed against mother in San Francisco criminal court. Issues of custody and visitation, however, continued to be litigated." (*C.T. v. K.W.* (2021) 71 Cal.App.5th 679, 681–682, fn. omitted.)

On July 15, 2020, mother filed an order to show cause alleging she had been denied in-person visitation in violation of the court's temporary custody and visitation order.[2] The matter was set for hearing on August 27, 2020.

At the hearing, mother requested a return to in-person visitation and the court acknowledged that in-person visitation had been suspended when the supervised visitation site closed as a result of the Covid pandemic. In discussing alternative forms of visitation, father's counsel stated, "[W]e arranged for [mother] to have video visitation on our own through an agency close to her home that could monitor it to assure there are no photographs taken. [¶] The photographs are extremely important, one, because they can be used to obtain passports. And more importantly in this case, two, because we received a threat[.] [Father's] counsel who is an expert in cyber stalking, received an e-mail on August 13, 2019, that says quote: Hi, I just wanted to let you know that [mother] was taking photos of [child] during her Rally recent visit. I know there is no photo policy in place and I worry about her

---

[2] The visitation order directed that supervised, in-person visitation would occur at a Rally Family Visitation Services center (Rally) in the San Francisco Bay Area.

endangering the life of [child]. File is attached at the below link and you can clearly see . . . mother in the background. Sincerely, a concerned family friend. [¶] It is a picture of the child in the Rally visitation room with [mother] in the background. How that is possible, I don't know. She took a photo surreptitiously and used it. Because the attorney that it was sent to is a cyber security expert, she forwarded it to an agency that can take a screen shot of it immediately, more than a screen shot, it can forensically capture it. The picture was meant to disappear after opening much like Snapchat but because this attorney had the wherewithal to send it to an expert, it was forensically captured. [¶] The threats and the stalking and the danger to the child don't stop. This is August 13, 2019, in Rally." Counsel added, "[W]e are certainly amenable in light of the change here given the pandemic that [mother] get personal visitation elsewhere. We are not opposed to that. What we are opposed to is that she get visitation that endangers the health and safety of the child both [because of] COVID as well as taking photographs that can later be used to threaten [father]. [¶] Imagine a picture of your child you place safely at Rally and you receive this. The disquiet that occurs to a parent when they say I worry about the life of your child even if in the Rally facility is -- probably should have a hearing on this issue. But separate apart from that, we are not opposed to having her have personal visitation elsewhere provided that she . . . is in compliance with Rally rules and procedure for no photographs or video."

The court agreed that in-person visitation could resume and selected Terra Firma to supervise the visits. The court "reiterate[d] the no photos and/or videotape during the visitation unless further court order." Mother responded, "That's not a court order. The court order said up to the policy of the place. By the way Terra Firma doesn't allow pictures and videos anyway,

4

unlike Rally. It's not a court order. I want to make that specific. We cannot put it down as a court order." Ultimately, mother agreed, however, that "the Terra Firma policy is no photos, no video. That's why I am going to abide by everything we discussed. I'm . . . just saying if you can word the order we will abide by Terra Firma policy, leave it up to them. It says no video and photos. I just don't want [father] to make additional restrictions. . . . [¶] There is going to be no pictures or video. All I want the court to do is state on the record that they will abide by whatever policy is active or [whatever] Terra Firma's policy is."

On November 3, 2020, the court issued the written order prohibiting mother from taking photos or videos of the child. Mother timely filed a notice of appeal.

## Discussion

### 1. *The No-photo Order*

Mother contends that the court's order is procedurally defective because it was issued without proper notice and because the court failed to include the legal and factual basis for the ruling in its order. She also argues that there is no legal or factual basis for the order. We disagree.

With respect to notice, at the August 27 hearing father's attorney specifically argued that mother's request to modify visitation was not properly noticed and served. Mother insisted that she filed her order to show cause on July 16 and served the same on August 3. The court agreed that "visitation is appropriately on calendar." Contrary to her suggestion, mother is not entitled to notice regarding any specific restrictions that might be imposed on the visitation that she was requesting. In any event, it appears from the record that the prohibition on photographs was not a new restriction and that mother was given adequate opportunity to oppose the restriction.

5

Mother was not entitled to a statement of decision. (See *Mechanical Contractors Assn. v. Greater Bay Area Assn.* (1998) 66 Cal.App.4th 672, 678, ["The general rule is that a trial court need not issue a statement of decision after a ruling on a motion."].) In any event, the record makes clear that the restriction was imposed due to concerns about abduction and mother's threatening conduct and that the restriction was entirely consistent with the supervised visitation provider's policies.

Finally, the court did not abuse its discretion by restricting photographs and video during visitation. Trial courts generally have broad discretion in defining a parent's "reasonable visitation" rights. (*In re Marriage of Birdsall* (1988) 197 Cal.App.3d 1024, 1028.) Parental visitation orders must accommodate the paramount policy of ensuring the child's health, safety and welfare. (Fam/ Code, § 3020.) The record establishes that mother has a history of using the internet to threaten and harass father and that many of her threats involve potential harm to the child. In addition, there was evidence that mother had used several aliases for her internet posting and has been charged with stealing C.T.'s identity. This evidence supports the trial court's previous finding that the child was at risk of abduction by mother. Given the risk of abduction and pattern of harassing and threatening behavior by mother, the court did not abuse its discretion in prohibiting mother from taking photographs and videos of the child during visitation. The record establishes a reasonable concern that photographs might be used for improper purposes.

However, we acknowledge the severity of preventing the mother of a child from obtaining a photograph of her child for a period of several years. At oral argument, counsel for C.T. stipulated that mother may file a motion in the trial court without a further court order seeking to modify that provision.

6

We express no opinion as to what lesser restrictions, if any, may be appropriate.

### 2. *The Service Requirement*

Mother purports to challenge a provision of the November 3 order which she asserts unlawfully requires her to serve father "under proof of service methods (personal same-day service) that contradict allowable methods under CCP § 1010.6.(i.e., by email)." Father argues that "[t]he appeal of the trial court's order relating to proof of service is untimely, and the issue is moot." We agree the issue is moot.

On January 30, 2020, the court issued the following order: "Every document respondent files must be served. Mr. Chase is the designated attorney for service for all documents by respondent. Respondent shall serve Mr. Chase with a file-stamped copy of whatever she serves and whatever she files with the court that needs to be served on Mr. Chase. Service on Mr. Chase will be by personal messenger or professional process server." Mother did not challenge this order in the appellate court. The November 3 order from which she has appealed, states, "The court admonishes respondent [K.W.] that all future filings and all responsive pleadings are to be personally served on Mr. Chase and delivered to his office the same day they are filed with the court, in compliance with the court's previous admonishment and order made on December 19, 2019 and filed on January 30, 2020." Thereafter, on January 20, 2021, the trial court ordered, pursuant to the parties' agreement, that the parties would use the court's electronic filing and service for "all future filings in the case." On January 29, 2021, the court issued an order clarifying that pursuant to the parties' agreement, filing and service was to be done electronically going forward and that for

7

anything that cannot be filed electronically (such as letters transmitted to the court) service would be by e-mail.

Accordingly, the dispute regarding service has been resolved and review by this court is no longer appropriate.

## Disposition

The order prohibiting mother from taking photographs or videos of the child during visitation is affirmed. Appeal Nos. A163289 and A163367 are dismissed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

8